ALTENBERND, Judge.
M.A.T. appeals an order adjudicating him delinquent for burglary of a dwelling and grand theft. We affirm without further discussion the adjudication and order of probation. However, on our own motion, we strike the “Order as to Parent(s)/Legal Guardian for Legal Services and Costs, Restitution, Community Service, Counseling and Drug Court.” This order was imposed against M.A.T.’s aunt. The record reveals, however, that at the time of adjudication and on the date of the offense, M.A.T. was in the custody of his grandmother, who was his “legal guardian.” Thus there was no basis to impose these costs against the aunt. See § 985.2311, Fla. Stat. (2004). More important, the aunt resided out of state. She was never served with notice of these proceedings or otherwise made a party or participant in this action.[1] The trial court had no personal jurisdiction over the aunt. We therefore remand with directions to vacate this order.
Adjudication affirmed; order on costs against third party remanded with instructions to vacate order.
CASANUEVA and VILLANTI, JJ., Concur.

. We note that counsel for M.A.T. filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), in this case. We requested a merits brief regarding this cost order. Counsel noted that she did not represent the aunt, nor could she represent the aunt in her capacity as an assistant public defender appointed to represent M.A.T. This is further evidence that the aunt’s interests were not represented in this proceeding, despite the entry of a significant judgment against her.